# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VIORICA BUDEANU and GV AGENCY, INC., <br><br> Plaintiffs, <br> v. <br><br><br> ALLSTATE INSURANCE COMPANY <br><br><br> Defendant. | Civil Action No.: _____ <br> (Superior Court of Gwinnett County, Georgia, Case No. 22-A-08425-2) |

## DEFENDANT ALLSTATE'S NOTICE OF REMOVAL

Defendant, Allstate Insurance Company ("Allstate"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441(a) and (c), and 1446(b) hereby moves this pending action from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia.  Removal is proper, as there is diversity of citizenship between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs.

Removal is well-grounded in fact, warranted by existing law, not prohibited by 28 U.S.C. § 1445, nor interposed for any improper purpose.  Therefore, Allstate

67036456;1

respectfully requests that this Court take jurisdiction over this matter and conduct all further proceedings.

## I.   PROCEDURAL BACKGROUND AND COMPLIANCE

1. On September 27, 2022, Plaintiffs filed a complaint in the Superior Court of Gwinnett County, Georgia, styled *Viorica Budeanu and GV Agency Inc. v. Allstate Insurance Company*, Case No. 22-A-08425-2 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all documents filed in the State Court Action are attached hereto as **Exhibit A** and are incorporated herein by reference.

2. On or about October 7, 2022, Allstate was served with a copy of the complaint ("**Complaint**" or "**Compl.**") filed in the State Court Action.

3. In the Complaint, Plaintiffs' chief allegations are that Allstate breached the terms of an exclusive agency agreement between the parties by terminating it early (Compl. ¶ 92) and interfering with Plaintiffs' negotiations to sell its business to a third party (Compl. ¶ 102). Plaintiffs allege six counts against Allstate, including, Breach of Contract (Counts I - II); Breach of Implied Covenant of Good Faith and Fair Dealing (Count III); Breach of Fiduciary Duty (Count IV); Fraudulent Misrepresentation (Count V); and Unjust Enrichment (Count VI). *See* Compl. ¶ 4.

4. Removal of this action is timely under 28 U.S.C. § 1446(b), which states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." Allstate accepted service of the Complaint through its registered agent on October 7, 2022, and thus timely files this Notice of Removal within the prescribed thirty (30) days.

5. Allstate will also promptly file a copy of this Notice of Removal with the Clerk of Court for the Superior Court of Gwinnett County, Georgia in the underlying action. A copy of the finalized Notice of Removal to be filed in the Superior Court of Gwinnett County (without exhibits) is attached hereto as **Exhibit B**.

6. Removal of this action to the U.S. District Court for the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1441(a), because this Court embraces the district and division where the State Court Action is pending.

7. The allegations in this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the Northern District of Georgia.

8. If any question arises as to the propriety of this removal, Allstate respectfully reserves the right, and also requests the opportunity, to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal and to present a brief and oral argument in support of its position that this action was properly removed.

## II. GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

9. This State Court Action is removable to this Court, and this Court has original jurisdiction over the State Court Action, based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1); 1441(a).

10. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The amount in controversy must also exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because Allstate is not a citizen of the forum state of Georgia, Allstate and Plaintiffs are completely diverse in their citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Diversity of Citizenship

12. The State Court Action is between the Plaintiffs, an individual and a corporation, and Allstate, a corporation, which invokes two separate tests to determine citizenship.

13. A natural person is deemed to be a citizen of the state where she is domiciled. *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002).

14. For establishing the citizenship of a corporation, a corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." *See* 28 U.S.C. § 1332(c)(1).

15. Citizenship is assessed at the time the suit is filed. *Smith v. Sperling*, 354 U.S. 91, 93 (1957).

16. Here, complete diversity exists. According to the Complaint, at all times material to the State Court Action, Plaintiff, Viorica Budeanu was a citizen of the State of Georgia and Plaintiff, GV Agency is a Georgia Corporation.

17. Allstate is and was at the time of the Complaint's filing, and at all times intervening, an Illinois corporation with its principal place of business in Illinois.

**B.     Amount in Controversy**

18.     The amount in controversy exceeds $75,000.00, excluding interest and costs, as required by 28 U.S.C. § 1332(a).

19.     Here, the Complaint alleges $1,000,000 in compensatory damages. *See* Compl. ¶¶ 76-80.  While Allstate disputes that Plaintiffs are entitled to any relief whatsoever, the allegations in the Complaint firmly establish that the amount in controversy exceeds the jurisdictional amount of $75,000.

20.     This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. §1446(a).

21.     By filing this Notice of Removal, Allstate does not waive any defenses or objections that it may have, including but not limited to defenses or objections of service, venue, or personal jurisdiction, or any other defenses or objections it may have in this action. Allstate makes no admission as to any facts, law, or liability, and expressly reserves all defenses available to it.

**III.    CONCLUSION**

For these reasons, Defendant Allstate Insurance Company respectfully requests that the instant action be removed from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of

Georgia, that the Court place this case on its docket, and that the Court order all relief that it deems appropriate.

DATED: November 4, 2022

Respectfully submitted,

**AKERMAN LLP**
999 Peachtree St. NE
Atlanta, GA 30309
Telephone: (404) 733-9800
Facsimile: (404) 733-9898

By: */s/ Montoya M. Ho-Sang*
Montoya M. Ho-Sang
Email address: montoya.ho-sang@akerman.com
Georgia Bar No. 572105

*Counsel for Defendant Allstate Insurance Company*

OF COUNSEL:

Michael C. Marsh (*pro hac vice* to be filed)
Donnie M. King (*pro hac vice* to be filed)
Reginald E. Janvier (*pro hac vice* to be filed)
AKERMAN LLP
201 E Las Olas Blvd., Suite 1800
Fort Lauderdale, FL  33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email:     michael.marsh@akerman.com
Email:     donnie.king@akerman.com
Email:     reginald.janvier@akerman.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certify that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

67036456;1

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, I caused a true and correct copy of the foregoing Notice of Removal to be served on the following persons through electronic mail and U.S. Mail:

Cary Ichter, Esq.
Ichter Davis LLC
400 Interstate North Pkwy SE,
Suite 860
Atlanta, Georgia 30339
404-869-7600
cichter@ichterdavis.com
*Counsel for Plaintiffs*

                                        */s/ Montoya M. Ho-Sang*
                                        Montoya M. Ho-Sang, Esq.