**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| VIORICA BUDEANU and GV AGENCY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY <br><br> Defendant. | Case No.: 1:22-cv-04413-SCJ |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Allstate Insurance Company ("Allstate") files this Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiffs Viorica Budeanu ("Budeanu") and GV Agency Inc. ("GV Agency") for failure to state a claim.

## I.   INTRODUCTION

Plaintiffs bring claims for (i) breach of contract (Counts I and II); (ii) breach of implied covenant of good faith and fair dealing (Count III); (iii) breach of fiduciary duties (Count IV); (iv) fraudulent misrepresentation (Count V); and (v) unjust enrichment (Count VI).  Each claim fails as a matter of law.

First and foremost, Plaintiffs' breach of contract and breach of implied covenant of good faith and fair dealing claims fail because Plaintiffs failed to plead sufficient facts to establish that Allstate plausibly violated a term of the Parties' agreement.  Plaintiffs rely upon mere conclusions of law, which are insufficient to plead a claim under the Federal Rules of Civil Procedure.  Moreover, Plaintiffs' allegations of breach are contradicted by the documents attached to the Complaint as exhibits and additional documentary evidence attached hereto.

Plaintiffs' breach of fiduciary duty claim fails because Plaintiffs failed to plead sufficient facts to state a cause of action.  Allstate was the principal in the context of the agency relationship between the Parties, and, therefore, it was Plaintiffs who owed a fiduciary duty to Allstate, not the other way around. Because Allstate did not owe Plaintiffs any fiduciary duties, Plaintiffs cannot maintain a claim for breach of fiduciary duty.

Plaintiffs' fraudulent misrepresentation claim fails because Plaintiffs failed to plead the claim with the requisite particularity required under Rule 9(b), Federal Rules of Civil Procedure.  Specifically, Plaintiffs fail to allege what specific misrepresentation (or omission) was made, who made it, when it was made, or any other specific allegations of fact sufficient to establish a fraudulent misrepresentation claim.  Also, Plaintiffs do not allege that Allstate knew its representations to

Plaintiffs were false at the time they were made or that any representation was made with the intent of deceiving Plaintiffs.

Lastly, Plaintiffs' unjust enrichment claim fails because Plaintiffs did not plead sufficient facts to state a cause of action and the existence of the Agency Agreement precludes recovery for unjust enrichment as a matter of law as to Plaintiff GV Agency.

For these reasons, as more fully set forth below, the Court should grant this motion to dismiss.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6), provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570); (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007); Fed. R. Civ. P. 8(a)). The plaintiff has the obligation to provide more than "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. These types of

allegations are not assumed to be true and are insufficient to state a claim. *Id.* Factual allegations must be enough to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. If the plaintiff fails to "raise a right to relief above the speculative level," then Rule 12(b)(6) dismissal is warranted. *Id.*

## III.   ARGUMENT

### A.   Counts I-IV Should be Dismissed as to Plaintiff Budeanu Because Allstate Did Not Have A Contractual Relationship with Plaintiff Budeanu at the Time of Allstate's Purported Acts

To state a claim for breach of contract a plaintiff must show that a valid and enforceable contract exists between the parties. *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015). Plaintiff Budeanu cannot show that she was a party to a valid and enforceable contract with Allstate at time of Allstate's purportedly wrongful acts. Counts I – IV of the Complaint each pertain to actions Allstate purportedly took in contravention with a certain R3001S Exclusive Agency Agreement (the "R3001S Agreement") entered into between Allstate and Budeanu on June 1, 2016. However, the R3001S Agreement was superseded and replaced by a certain R3001C Exclusive Agency Agreement (the "R3001C Agreement") entered between Allstate and GV Agency later on June 1, 2016, attached hereto as **Exhibit A** at § I.B ("This Agreement is the sole and entire agency agreement between the Company and Agency, and it supersedes and replaces

4

any prior employment, agency, or other agreement between the Company and Agency and any of its officers, directors, shareholders, members, and employees."). Therefore, the R3001S Agreement is not a valid and enforceable contract and Plaintiff Budeanu cannot maintain an action for breach of the agreement. Further, while Budeanu was a signatory to the R3001C Agreement as the GC Agency's CEO, she was not a party to the agreement, and, therefore, she likewise cannot maintain a claim for breach of the R3001C Agreement in her individual capacity. Thus, to the extent the Complaint alleges that any of Allstate's purported acts breached a contractual agreement directly with Ms. Budenau, such claims fail.

That said, and irrespective of whether Ms. Budeanu is a proper party, each of Plaintiffs' claims fail on the merits.

### B.    Count I Should Be Dismissed Because the Complaint Fails to State a Claim for Breach of Contract.

In Count I of the Complaint, Plaintiffs allege that Allstate breached the Agency Agreement by: (1) terminating it without justification or cause; and (2) failing to provide Ms. Budeanu with immediate written notice. (Compl. ¶¶ 92-93) (the terms of the R3001S Agreement and R3001C Agreement are substantially similar and will be referred to herein collectively as the "Agency Agreement"). However, for each allegation, Plaintiffs fail to plead sufficient facts to plausibly

suggest that Allstate breached the Agency Agreement. Accordingly, Count I should be dismissed for failure to state a claim.

1. **Count I Should be Dismissed Because Plaintiffs Fail to Plead Facts Plausibly Suggesting that Allstate's Termination of the Exclusive Agency Agreement Was Without Cause.**

It is well-settled law that on a motion to dismiss, the court accepts well-pleaded factual allegations as true, but should disregard conclusory allegations. *Iqbal*, 556 U.S. at 678.   Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Here, Plaintiffs assert that: (1) 'Allstate terminated the Agency Agreement without cause,' (2) 'initiated a baseless investigation,' and (3) 'retaliated against Budeanu for lodging a complaint against her superiors.'   These assertions are nothing more than conclusory allegations without factual support, and are not sufficient to overcome a Rule 12(b)(6) motion to dismiss under *Twombly*. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").   Moreover, these conclusory allegations are contradicted by the Complaint and documentary evidence attached to the Complaint, which plausibly

suggest that Plaintiffs were terminated 'for cause.'  Indeed, Plaintiffs readily admit that Allstate: (1) investigated a customer file handled by GV Agency for months; and (2) met with Ms. Budeanu via Zoom in January 2021 concerning the investigation. (Compl. ¶¶ 43, 46).  Additionally, the May 26, 2021 termination letter attached to the Complaint as Exhibit 2, states that the reason for the termination includes Plaintiffs 'providing false information to Allstate'. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (To the extent that any of a party's allegations conflict with the exhibit, the exhibit controls.)  Thus, the Complaint together with its accompanying exhibits, provides a 'for cause' basis for the termination.

Even more, it is undisputed that the Agency Agreement permits Allstate to terminate the agreement without cause, upon providing Plaintiffs with ninety (90) days written notice. *See* R3001S Agreement § XVII.B.2; see also R3001C Agreement § § XVII.B.2. Plaintiffs ask this Court to accept the unreasonable inference that Allstate initiated a 5+ month long investigation as a pretext for terminating the Agency Agreement, despite the fact that Allstate was permitted to terminate Plaintiffs without cause upon providing them with (90) days written notice.  While reasonable inferences are drawn in plaintiff's favor, unreasonable

inferences such as this one should not.  *See Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1071, 1075 (11th Cir. 2017) (declining to make unreasonable inference in plaintiff's favor and affirming 12(b)(6) dismissal).  The inference Plaintiffs seek this Court to make is unreasonable and implausible.

Simply put, Count I of the Complaint fails to plead facts plausibly suggesting that Allstate breached the Agency Agreement.  Count I should be dismissed.

**2. <u>Count I Should Be Dismissed Because the Documentary Evidence Definitively Contradicts Plaintiffs' Claim That the Termination Letter was Untimely Sent to Plaintiffs.</u>**

In Count I, Plaintiffs also allege that Allstate breached the Agency Agreement by failing to provide Plaintiffs with immediate written notice of its termination of the Agency Agreement.  Specifically, Plaintiffs allege that Allstate backdated the termination letter to May 27, 2021, but did not send it to Ms. Budeanu until July 7, 2021 – 45 days after Allstate actually terminated the Agency Agreement.  (Compl. ¶ 66).  However, the irrefutable documentary evidence shows that Eric D. Stone, an Allstate District Sales Leader, sent Plaintiffs written notice of the termination on May 26, 2021 – precisely when Plaintiffs allege such termination should have been sent. *See* **Exhibit B**.

In the Eleventh Circuit, a "court may consider an exhibit attached to a pleading, or a motion to dismiss, without converting the motion into one for

summary judgment, where the exhibit is central to the plaintiff's claim, and its authenticity is unchallenged." *Cantrell v. McClure,* 805 F. App'x 817, 819 (11th Cir. 2020). When such an exhibit contradicts the general and conclusory allegations of a pleading, the exhibit governs. *Id.; Celestine v. Cap. One,* 741 F. App'x 712, 713 (11th Cir. 2018). ("[w]here exhibits are submitted that contradict the alleged facts, the exhibits control ...").

Here, the documentary evidence definitively proves that Allstate sent the termination notice via e-mail to Plaintiff Budeanu on May 26, 2021.  As found in *Cantrell* and *Celestine*, the documentary evidence governs, and Count I of the Complaint should be dismissed.

### C.   Count II Should Be Dismissed Because the Complaint Fails to State a Claim for Breach of Contract or Tortious Interference

As plead, it unclear whether Plaintiffs are asserting a breach of contract claim or a tortious interference claim in Count II of the Complaint.  That said, irrespective of whether Plaintiffs seek to plead a breach of contract claim or a tortious interference claim, Plaintiffs Complaint fails to state a legally cognizable claim.

1. **Count II Should Be Dismissed Because Plaintiffs Fail to Plead Facts Plausibly Suggesting Allstate's Refusal to Approve Ms. Budeanu's Purchase of Another Agency was a Breach of the Exclusive Agency Agreement**

In Count II, Plaintiffs appear to allege that Allstate breached the Agency Agreement by informing Mr. White that it would not approve Ms. Budeanu's purchase of Mr. White's Allstate agency. However, nothing in the Agency Agreement obligates Allstate to approve Plaintiffs' purchase of another agency. In fact, the Agency Agreement provides that Allstate may determine in its sole discretion all matters relating to its business and operation of Allstate. *See* R3001S Agreement § I.F; *see also* R3001C Agreement § I.F. As a result, there is no breach of the Agency Agreement by informing Mr. White that it would not approve Ms. Budeanu's purchase of his agency. If Count II of the Complaint is for breach of contract, it should be dismissed. *See Brooks v. Branch Banking & Tr. Co.,* 107 F. Supp. 3d 1290, 1296 (N.D. Ga. 2015) ("a plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss.); *see also Wasson v. ARCPE Holding, LLC*, 1:21-CV-4805-TWT, 2022 WL 7045323, at *4 (N.D. Ga. Oct. 12, 2022) ("the introduction of an implied term into the contract of the parties…can only be justified when the implied term is not inconsistent with some express term of the contract and where there arises from the language of the contract itself, and the circumstances under

which it was entered into, an inference that it is absolutely necessary to introduce the term to effectuate the intention of the parties."). *Higginbottom v. Thiele Kaolin Co.,* 304 S.E.2d 365, 366 (1983)

### 2. **Count II Fails Because Plaintiffs Fail to Plead Sufficient Facts to Establish a Tortious Interference Claim and Allstate's Purported Actions were Privileged**

In Count II, Plaintiffs may also be alleging that Allstate tortiously interfered with Plaintiffs' attempt to purchase Mr. White book of business, by informing Mr. White that it would not approve Ms. Budeanu's purchase of Mr. White's Allstate agency.  To state a claim for tortious interference a Complaint must plead facts plausibly suggesting: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.  *Tidikis v. Network for Med. Communications & Research LLC*, 619 S.E.2d 481, 486 (Ga. Ct. App. 2005).

As to the first element, for the reasons explained in Section III.B.1. above, Plaintiffs have not plead sufficient facts to plausibly suggest that Allstate's act of informing Mr. White that it would not approve Ms. Budeanu's purchase of Mr.

White's Allstate agency was improper or wrongful.   Moreover, as to the first element, it is clear that Allstate's conduct was privileged and thus, barred from liability.   To establish that Allstate acted "without privilege," the plaintiffs must show that Allstate was a stranger to the contract or business relation at issue. *Mabra v. SF, Inc*., 728 S.E.2d 737, 740 (Ga. Ct. App. 2012) (*citing Constr. Equip. USA, Inc. v. City Commercial Real Estate, Inc.*, 693 S.E.2d 559 (2010)).   Under the so-called "stranger doctrine," "only a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract may be liable for tortious interference [with the contract or the relationship]. *Id.* "One is not a stranger to the contract just because one is not a party to the contract...." *Id.* (*citing Atlanta Market Center Mgmt. Co. v. McLane,* 503 S.E.2d 278, 282 (1998). "Those who have a direct economic interest in or would benefit from a contract with which they are alleged to have interfered (even though not intended third-party beneficiaries of the contract) are not strangers to the contract and cannot have tortiously interfered." *Id.* Moreover, "all parties to an interwoven contractual arrangement are [not strangers and therefore] not liable for tortious interference with any of the contracts or business relationships." *Id.*

Plaintiffs' proposed tortious interference claims are based on Allstate's refusal to expand its relationship with Plaintiffs.   Allstate could not be alleged to be a

stranger to such a contract and business relationship – Allstate would be central to it. It is clear under the facts plead in the Complaint that Allstate has a direct economic interest in who they enter into enter into business with and permit to market and sell their policies/products. Allstate would also potentially benefit from the contract with which they are alleged to have interfered. As in *Mabra*, because Allstate is not a stranger to the contract at issue and the business relationship giving rise to and underpinning the contract, Plaintiffs' purported tortious interference claim must be dismissed with prejudice.

Further, the Complaint is devoid of any facts plausibly suggesting that Allstate acted with malice with the intent to injure Plaintiffs. This independently warrants dismissal of Count II.

> **D.    Count III Should Be Dismissed Because the Complaint Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing**
>
> > **1.    <u>Count III Should Be Dismissed Because a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Cannot Stand Where Plaintiffs Fail to Plead Facts Plausibly Suggesting that Allstate Breached an Express Term of the Agency Agreement.</u>**

In Count III of the Complaint Plaintiffs allege that Allstate breached the implied covenant of good faith and fair dealing by terminating the Agency Agreement for purportedly baseless, arbitrary, and capricious reasons. Because

13

Plaintiffs fail to state a claim for breach of contract on these allegations in Count I, their claim for breach of the covenant of good faith and fair dealing also fails. *Brooks,* 107 F. Supp. 3d at 1297 ("Because Plaintiff fails to state a claim for breach of contract, her claim for breach of the duty of good faith and fair dealing also fails.").

Under Georgia law, a claim for breach of the implied covenant of good faith and fair dealing fails absent a breach of a contract's express terms.  *Id.* at 1296 (granting defendant's motion to dismiss breach of implied covenant claim); see also *Morrell v. Wellstar Health Sys., Inc.*, 633 S.E.2d 68, 72 (2006) ("Although each contract ... contain[s] an implied covenant of good faith and fair dealing in the performance of the contract, there is no independent cause of action for violation of the covenant apart from breach of an express term of the contract.").

Accordingly, Count III for breach of the implied covenant of good faith and fair dealing should be dismissed.

### E.    Count IV Should Be Dismissed Because the Complaint Fails to State a Claim for Breach of a Fiduciary Duty

In Count IV of the Complaint, Plaintiffs allege that Allstate breached a fiduciary duty to Plaintiffs.  To state a claim for a breach of fiduciary duty, a plaintiff must show (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *Lechter v. Aprio, LLP*, 565 F. Supp. 3d

1279, 1337 (N.D. Ga. 2021). However, the Complaint is devoid of facts sufficient to plausibly suggest that Allstate owed Plaintiffs a fiduciary duty or breached a fiduciary duty.  By the express terms of the Agency Agreement, Plaintiffs were "independent contractors of Allstate for all purposes and not an employee of [Allstate]".  Moreover, Plaintiffs were to act as agents for the company – not vice versa. *Wright v. Apartment Inv. & Mgmt. Co.*, 726 S.E. 2d 779, 786 (Ga. Ct. App. 2012) ("Where an agency relationship exists, the agent owes a fiduciary duty to [the] principal.").  The Complaint does not allege that there was anything more than an arm's-length business relationship between Plaintiffs and Allstate.  Plaintiffs failed to plead any facts to establish that Allstate owed a fiduciary duty to Plaintiffs.

Furthermore, Plaintiffs' conclusory allegations regarding breach of a fiduciary duty *e.g.,* Allstate initiating a baseless investigation and terminating the Agency Agreement, fail to plead facts plausibly suggesting that Allstate breached any fiduciary duty owed to Plaintiffs or that damages were approximately caused thereby.  Therefore, Count IV of the Complaint should be dismissed.

### F. Count V Should Be Dismissed Because the Complaint Fails to State a Claim for Fraudulent Misrepresentation with the Requisite Particularity

In Count V of the Complaint, Plaintiffs attempt to allege that Allstate is liable for fraudulent misrepresentation because Allstate purportedly informed Ms.

Budeanu that she met the eligibility requirements to purchase additional agencies and directed her to move forward in her negotiations to purchase other agencies, despite knowing that Allstate would never approve Ms. Budeanu's purchase request. Fraudulent misrepresentation claims are subject to heightened pleading standards under Federal Rule of Civil Procedure 9(b), which requires a party alleging fraud to state with particularity the circumstances constituting fraud. *Interactive Learning Sys. Inc. v. Minerva Cap. Mgmt. Inc*., 2021 WL 5033459, at *4 (N.D. Ga. Aug. 30, 2021). To satisfy this standard, the plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id*. (internal citations omitted).

Count V of the Complaint does not satisfy the pleading requirements under Rule 9(b) for alleging fraud. The Complaint does not contain any precise statements or misrepresentations, the time, place, and person responsible for the statement or what Allstate gained by the alleged fraud. Therefore, Count V should be dismissed.

Moreover, under Georgia law, to state a claim for fraudulent misrepresentation, the plaintiff must plead: "(1) that the defendant made

representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." *Jones v. Wells Fargo Principal Lending, LLC*, 2018 WL 1913527 (S.D. Ga. Apr. 23, 2018).   Where a complaint fails to allege facts supporting each element of a fraudulent misrepresentation claim, the claim must be dismissed.   *See Wright v. JPMorgan Chase Bank,* 2012 WL 13012809, at * 11 (N.D. Ga. Aug. 1, 2012) (dismissal appropriate if an essential element under any theory of recovery is lacking).

Here, the Complaint fails to clearly identify a misrepresentation made by Allstate.   At best, one can glean from the Complaint that the alleged misrepresentation is that Allstate told Plaintiffs that it would approve its purchase of another exclusive agent's book of business.   However, the Complaint falls short of making this allegation and merely alleges that Allstate told Plaintiff Budeanu that she "qualified as an approved buyer of additional agencies and that she should move forward in her negotiation with other agencies to purchase any such agencies". (Compl ⁋ 52).   Plaintiffs' failure to plead a misrepresentation made by Allstate is fatal to their fraudulent misrepresentation claim.

In addition, the Complaint fails to allege facts supporting two additional elements of a fraudulent misrepresentation claim.  The Complaint contains no allegations that Allstate knew any representation made to Plaintiffs was false when made or that any representation was made with the intent of deceiving Plaintiffs.  As stated in *JP Morgan*, failing to establish any one of these elements makes dismissal appropriate.  Thus, Plaintiffs' fraudulent misrepresentation claim must be dismissed.

### G. Count VI Should Be Dismissed Because the Complaint Fails to State a Claim for Unjust Enrichment

#### 1. Count VI Should Be Dismissed Because an Unjust Enrichment Claim Cannot Stand Where There Is No Dispute of a Valid Contract

Count VI of the Complaint for "unjust enrichment" fails as a matter of law.  It is well settled that "[u]njust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for." *Tuvim v. United Jewish Communities, Inc.,* 680 S.E.2d 827, 829-30 (Ga. 2009); *St. Paul Mercury Ins. Co. v. Meeks,* 508 S.E.2d 646, 648 (Ga. 1998) (same); *Harris Ins. Agency, Inc. v. Tarene Farms, LLC*, 667 S.E.2d 200, 201 (Ga. Ct. App. 2008) (same).  In this case, the Agency Agreement is a valid and enforceable contract between Allstate and Plaintiff GV Agency.  The undisputed existence of the Agency Agreement precludes recovery for unjust enrichment as a

matter of law. *Wachovia Ins. Servs., Inc. v. Fallon*, 682 S.E.2d 657, 665 (Ga. Ct. App.2009) (dismissing plaintiff's unjust enrichment claim where it was pled as a separate tort and not in the alternative to a breach of contract claim).  Accordingly, Plaintiffs' claim for unjust enrichment must be dismissed pursuant to Rule 12(b)(6).

### 2.  Count VI Should Be Dismissed Because Plaintiffs Failed to Plead Facts Showing Plaintiffs Were Unjustly Enriched

Assuming, *arguendo*, that a valid and enforceable contract does not exist, Plaintiffs have failed to plead sufficient facts to state a plausible claim for unjust enrichment.  To state a claim for unjust enrichment a plaintiff must show that (1) a benefit was provided, (2) compensation for that benefit was not received, and (3) the failure to compensate renders the transaction unjust.  *Abbasi v. Bhalodwala*, 149 F. Supp. 3d 1372 (M.D. Ga. 2015).

Plaintiffs allege that Allstate was unjustly enriched because it did not immediately take possession of the telephone system, thereby somehow forcing Plaintiffs to field calls from Allstate customers.  The inference Plaintiffs' ask this Court to make is unreasonable.  Under the terms of the Agency Agreement, upon termination of the agreement, Plaintiffs were required to immediately cease to use the telephone numbers associated with its prior Allstate Agency.  *See* R3001S Agreement § XVIII.C; *see also* R3001C Agreement § XVIII.C. Allstate reminded Plaintiffs of this obligation and instructed Plaintiffs to cease using the telephone

numbers, when it sent Plaintiff Budeanu the termination letter. *See* Exhibit 2 to the Complaint.   In Count VI, Plaintiffs are admitting to breaching the Agency Agreement and disregarding Allstate's instructions.  Yet, Plaintiffs take the position that they should be compensated for their admitted breach of the Agency Agreement. The Complaint contains no factual allegations plausibly suggesting that Allstate received a benefit by Plaintiffs answering the telephone in breach of the Agency Agreement and in contravention to Allstate's instructions.   The Complaint also contains no factual allegations plausibly suggesting that Plaintiffs not being compensated for their actions would be unjust.

Accordingly, Count VI for unjust enrichment should be dismissed.

### H.   As to Count I-VI, Plaintiffs Failed to Plead Facts Plausibly Suggesting That They are Entitled to Litigation Expenses

Plaintiffs have failed to sufficiently plead facts plausibly suggesting that they should be entitled to litigation expenses pursuant to O.C.G.A. § 13-6-11 because Allstate acted in bad faith, has been stubbornly litigious, or has caused plaintiff unnecessary trouble or expenses. (Compl. ⁋⁋ 95,104, 114,122, 132, 136).  Plaintiffs rely on conclusory allegations in Count III to support this contention.   Such allegations should be disregarded. *Iqbal*, 556 U.S. at 664 (Legal conclusions are not entitled to the assumption of truth.)  The Court should dismiss Plaintiffs' requests for litigation expenses pursuant O.C.G.A. § 13-6-11.

## IV.   CONCLUSION

For the reasons set forth above, Allstate Insurance Company respectfully requests that this Court enter an order: (i) granting its motion to dismiss for failure to state a claim in all respects; (ii) dismissing the Complaint; and (iii) granting Allstate such other and further relief as the Court deems just and proper.

DATED: November 14, 2022            Respectfully submitted,

**AKERMAN LLP**
999 Peachtree St. NE
Atlanta, GA 30309
Telephone: (404) 733-9800
Facsimile: (404) 733-9898

By:   */s/ Montoya M. Ho-Sang*
Montoya M. Ho-Sang
Email address: montoya.ho-sang@akerman.com
Georgia Bar No. 572105

*Counsel for Defendant Allstate Insurance Company*

OF COUNSEL:

Michael C. Marsh (*pro hac vice* to be filed)
Donnie M. King (*pro hac vice* to be filed)
Eric D. Coleman (*pro hac vice* to be filed)
AKERMAN LLP
201 E Las Olas Blvd., Suite 1800
Fort Lauderdale, FL  33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email:        michael.marsh@akerman.com
Email:        donnie.king@akerman.com
Email:        eric.coleman@akerman.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certify that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2022, I caused a true and correct copy of the foregoing Notice of Removal to be served on the following persons through electronic mail and U.S. Mail:

Cary Ichter, Esq.
Ichter Davis LLC
400 Interstate North Pkwy SE,
Suite 860
Atlanta, Georgia 30339
404-869-7600
cichter@ichterdavis.com
*Counsel for Plaintiffs*

*/s/ Montoya M. Ho-Sang*
Montoya M. Ho-Sang, Esq.